PER CURIAM:
Claimant, Thelma L. Jamison, is the owner of her residential property at 960 Stewart Street, just outside the city of Morgantown in Monongalia County. Stewart Street is a State highway. Her property also borders on Wilbourne Street, which runs generally perpendicularly off Stewart Street. On the other side of Wilbourne Street, also fronting on Stewart Street, is the Seaburn property. Stewart Street is downhill as it passes the Seaburn property, then levels out somewhat as it passes the entrance of Wilbourne Street and then the Jamison property, wilbourne Street is very slightly downhill as it leaves Stewart Street. The Jamison driveway, off Wilbourne Street to the garage at basement level and at the rear of the house, is downhill. When there are hard rains, surface water runs into the Jamison garage and has caused some deterioration and damage to the driveway, yard, and garage. Jamison seeks $5,000.00, that being the total of a contractor's estimate for repairs to the garage and an appraiser's estimate of diminution in value of the property by reason of the water damage to the garage.
Claimant states that the water comes into her garage by reason of a blocked culvert, in the front of the Seaburn property, on Stewart Street; that the water is diverted in such a manner as to miss the culvert under the Wilbourne Street entrance and instead flows across the corner of the Seaburn property, down Wilbourne Street, down across her yard and driveway, and into her garage. It is obvious to the Court that at least some water finds its way into her garage, crossing Wilbourne Street from the Seaburn property, and from Wilbourne Street itself, and from her own yard and driveway. Ms. Jamison had tried keeping a small ditch open, across her driveway, to divert the water from her garage, but said such a ditch does not last long. She had also had a French drain installed across the opening into her garage.
*36 The origin of the culvert, along the side of Stewart Street and in front of the Seaburn property, is unknown. Ms. Jamison and Ms. Mildred Charlotte Seaburn, both of whom had occupied their respective properties for some forty years, said that the culvert had been there before them. Both testified that the respondent used to respond‘to the requests to clean the debris from the inlet of the culvert. Ms. Seaburn said that the respondent, in recent years, had not done so, and that until he had become too ill to do it, her husband had kept it open.
Arthur Lee Ford, a Morgantown building contractor, had observed the claimant's garage in 1980 and described it as having been structurally sound at that time. It had been added to the house about twenty-five years ago. In May of 1985, he had found deterioration from water. He conceded that some deterioration was from age. He submitted a proposal in the amount of $5,000.00 for extensive repairs, practically a rebuilding of the garage.
Inasmuch as the respondent has charge of the right of way of Stewart Street, and in the past has exercised control over the culvert in question and could have removed it, the Court is of the opinion that equity and good conscience dictate that the respondent be found liable, in part, for the damage to claimant's property. There being no accurate way to determine what amount of water entered claimant's property as a result of the culvert being blocked, and what amount of water entered claimant's property from other causes, by reason of natural drainage, the Court arbitrarily makes an award in the amount of $2,500.00.
Award of $2,500.00.